## Appendix 4

Matthew Sluss
Reg. No. 52455-037
FCI Petersburg, Box 1000
Petersburg, VA 23804

BY FIRST CLASS MAIL

March 10, 2014

Paula Wolff, Chief
International Prisoner Transfer Unit
U.S. Department of Justice, Criminal Division
JCK Building, 10th Floor
Washington, DC 20530

Dear Ms. Wolff,

    I am in receipt of your official denial letter concerning my application for treaty transfer under the Treaty on the Execution of Penal Sentences between the United States and Canada.

    This letter is an opportunity for you to reconsider your position on this transfer request. The stated reason for denial is an abuse of the Agency discretion afforded the IPTO under both United States law and the individual treaty itself. The IPTO has acted arbitrarily and capriciously in considering factors impermissible considering the language of the Treaty between the United States and Canada on the execution of Penal Sentences of 1977. 30 V.S.T. 6263, T.I.A.S. 9552.

    This treaty sets forth a meaningful standard, as defined by the United States Supreme Court. Webster v. Doe, 486 U.S. 592, 600 (a meaningful standard against which to judge the defendant's exercise of discretion).

    I have applied only under this treaty and reject all benefits of the convention of Europe. The United States is wholly bound to the explicit language of the treaty. Specifically, Article III(6) limits the IPTO Agency's discretion in rejecting transfer requests. The Article of the treaty to which the United States, and therefore the IPTO, is bound to limits the IPTO to only the consideration of "all factors bearing upon the probability that transfer will be in the best interests of the offender." This language, which by the Supremacy Clause of the United States Constitution makes treaties the supreme law of the land, entitles an individual who has a liberty interest in the treaty to force an agency to abide by United States and international law.

    The IPTO's reasoning as set forth in its March 5, 2014 letter is insufficient to substantiate a rejection under this treaty. Seriousness of the offense, domiciliary, and criminal history has no place within the language of the treaty. The IPTO has erred in its rejection.

    Bagguley v. Bush, 953 F.2d 660 (D.C. Cir 1991) is not applicable to this situation, as it contemplated the relationship between 5 U.S.C. § 700 et seq. and the Council of Europe's Convention, which indeed affords the IPTO unfettered discretion. The applicant in this situation has rejected all benefits of any other treaty other than the treaty between the United States and Canada on the execution of penal sentences. The plain and ordinary language of the treaty under which the applicant applied constrains the discretion of the IPTO in such a way not contemplated by the Bagguley court.

    These treaties are, among themselves, self-executing bodies of law. (See Cannon v. United States Dept. of Justice, 973 F.2d 1190, C.D.5 1992). In a similar situation (Marquez-Ramos v. Reno, 69 F.3d 477), Marquez-Ramos sought relief on an application to Mexico. The court rejected Mr. Marquez-Ramos relief because each of the rejection reasons fell within the language and framework of the treaty, quoting "As long as the Attorney General had the discretion. . . and exercised it

within the framework of the treaty . . . Mr. Marquez-Ramos is not entitled to mandamus relief."  The court also said that the discretion originated from the treaty itself.  Article IV, Section 4 of the treaty provides criteria for determining the appropriateness of a transfer.  The Mexican treaty specifically allows nature and severity of the offense, previous criminal record, strength of his connections by residence, and "otherwise the social life..." of the applicant to be considered.  The Canadian treaty at issue in the instant case is devoid of such language.

   Thank you for addressing this simple situation.  I hope that the IPTO will be in contact with me regarding this issue before April 20, 2014.

Yours truly,



Matthew Sluss


cc: file.



Legal References cited:

   Abbell, Michael - International Prisoner Transfer
   ISBN: 1-57105-217-8