UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Matthew Sluss        )
                     )
    v.               )  Case No 14-0759 (CRC)
                     )
United States Dept' of )
Justice              )

MEMORANDUM IN SUPPORT OF PLAINTIFFS OPPOSITION
TO THE DEFENDANT"S MOTION TO DISMISS

Plaintiff proceeding pro se in the above matter submits this motion for the courts to consider in the current dispute.

HISTORY

On 8-27-2014 Plaintiff recieved an order from the court to respond to the Defendant's motion to dismiss before September 30, 2014.

On 9-10-2014 Plaintiff for the first time recieved a copy of the defendant's motion to dismiss.

On 9-11-2014 Plaintiff mailed a motion for clarification, as to correctly respond to the Defendant's motion. I also asked that the court grant an extension of time for the Plaintiff to respond, as he recieved the Motion to Dismiss late, and I also asked the court to keep me apprised of any updates on my case.

The next week, approximatly 9-16-2014, Plaintiff submitted a motion to toll the time while the courts considered the Plaintiff's motion for clarification.

By 9-28-2014, when the Plaintiff's response was due, he had yet to recieve any response from the courts. The Plaintiff then filed his response and noted that it was 'incomplete' and the reasons, due to a lack of response from the court on his motion to extend.



As of the filing of this motion, Plaintiff has yet to recieve any official ruling on his motions, even though they are now moot, and the plaintiff finds it also currious that the defendant, a professional law firm, and team of attorneys is granted not one but two time extensions, but the Plaintiff is not granted his first.

## STANDING AND WRIT OF MANDAMUS

In the Plaintiff's October 2nd reply, Plaintiff clearly states that in support of his position that he "Makes reference to his original initating document in support of this memorandum." He is proceeding pro se, is unschooled in the art of law, and asks the court to grant fairness in any procedural errors he may have made.

The original complaint has address <u>all</u> of the issues that the Defendant has raised, and through statute and case law has effectivly defeated all arguments made by the Defendant. (See pages 14-17 and 25,26 of the initating document), also (See pages 1,4,5 of the Plaintiff's memorandum in opposition to the defendants motion to dismiss.)

## TOOR V. HOLDER

For the first time, the Defendant brings up <u>Toor v. Holder</u>. While the oppionion is ultimately correct, the Defendant's reliance upon it is misplaced, as it is with <u>Medellin.</u> Toor sued to compell the agency to unilaterally transfer him to Canada, such is beyond the jurisdiction of this court. Toor did not argue, nor did he challenge the reasonings of the decision, or if Article III Section 6 of the 1977 treaty provided a <u>Webster</u> standard against which to judge the exercise of agency discretion. Toor also did

not expressly reject consent to the COE convention.

The instant case before this court is distinct, and will ultimatly come to the question of: Does Article III, Section 6 of the 1977 Treaty provide a <u>Webster</u> standard against which to judge the use of agency discretion? The <u>Toor</u> court did not address this question nor was it proposed before the court, thus reliance upon this case by the defendant is misplaced.

THE COE CONVENTION AND THE 1977 CANADAIAN TREATY

Plaintiff in this instant case has tried to make abundantly clear that at the outset of his application, and at every single step that he has rejected the COE convention and did not consent to benefits under it. The Defendant has yet to acknowledge this.

Infact, the Defendant seems strangely surprised, and seems to indicate that the Plaintiff, for the first time, cites a treaty other than the convention. In the Plaintiff's initating document he makes reference to the Treaty Between the United States and Canada of 1977, 30 U.S.T. 6263, atleast seventy (70) times, and also has clearly rejected the COE convention numerous times.

The Plaintiff also clearly sets the two treaties apart, and any references to the two treaties by the Defendant that the two treaties are identical is absurd. While the COE convention does indeed provide no language for guidance upon the issue of consent, the Canadian Treaty does. The Defendant also seems flummuxed that a single section of an article of the treaty could limit their discretion, but the plain and ordinary language is not hidden

or obscured, nor is it vauge or misleading, nor using language that uses words that would need schollarly review to interpert. The section of the treaty is clear and concise, and devoid of any language that would give them unfettered discretion.

CONCLUSION

At the end of the day, the Plaintiff has clearly met all of the requirements for standing before this court, and he has clearly demonstrated that he owed a clear duty by the Defendant.

1: The unambigious language in the Canadian Treaty indeed does provide a <u>webster</u> standard against which this court can use as to judge the use of agency discretion.

2: The treaty is a self-executing treaty.  Self executing treaties are considered by our constitition to be the supreme law of the land, and are on equal footing as statutes.

3: The Defendant incorrectly relies upon a Supreme Court ruling that interperts a non self-executing treaty.  That distinction is what sets the Canadian Treaty apart from treaties that the <u>Medellin</u> court contemplates, such as the Vienna Convention.

4: The Plaintiff has shown that he has a clear and indisputable right to relief.  The language in treaty article III(6). The Defendant has a clear and nondiscretionary duty to render a decision upon the Plaintiff's application based only on the permissable factors in the treaty.  The agency informed the Plaintiff that there is no administrative remedy to the situation.

The Defendant in this case has failed, in all respects, to

provide a response to the court's order to show cause. The Defendant's argument is factually based upon the Convention of Europe's Convention on the Transfer of Sentenced Persons, a treaty which the Plaintiff wholy rejects. The Defendant has utterly failed to respond to why the releif sought in this matter, "a decision by the agency based upon the permissable factors in the treaty between the United States and Canada on the execution of penal sentences of 1977." It seems that the Defendent has even failed to read the initating document by posturing that the Plaintiff "now raises in his opposition" a major and key point raised over 70 times in his initating document.

For all of the above reasons, the Plaintiff asks this honorable court to deny the Defendant's motion to dismiss, and to grant the releif sought in full, on the grounds that the Defendant's have failed to provide a meaningful response to the court's show cause order that addresses the claims of the iniating document, and that the Defendant adamantly insists upon construing a treaty that the Plaintiff has wholy rejected consent of.

Respectfully Submitted,

Matthew D. Sluss
R 52455-037
FCC Petersburg MED
PO Box 1000
Petersburg, VA 23804

Submitted: 11-1-2014